UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :

                                                                      :

  -v-                                                                          11 Cr. 19 (JGK)

                                                                       :

ROBERT E. MCDONALD,                          :

                                                                       :

                                  Defendant.

                                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS, IN PART, THE ANCILLARY PETITION OF DANICET CURA**


                                                                      PREET BHARARA
                                                                       United States Attorney for the
                                                                       Southern District of New York


Jason H. Cowley
Arlo Devlin-Brown
Assistant United States Attorneys
    – Of Counsel –

**Preliminary Statement**

The Government respectfully submits this memorandum of law in support of its motion to dismiss, in part, the ancillary petition of Danicet Cura ("Cura" or "petitioner"). In Cura's petition (the "Cura Petition," attached as Exhibit A to the Declaration of AUSA Jason H. Cowley), the petitioner broadly asserts what appears to be a tort-based "monetary loss" of $130,465.11 and also asserts an interest in both a piece of real property and a vehicle that are the subject of a preliminary order of forfeiture in this action (together, the "Subject Property"). Cura expressly asserts an interest in the Subject Property pursuant to Title 21, United States Code, Section 853(n)(6)(B). Through this motion, the Government respectfully seeks the dismissal of the Cura Petition in regard to the monetary loss theories it sets forth and in regard to Cura's asserted interest in the vehicle in question. These aspects of the Cura Petition should be dismissed because (1) Cura lacks standing to assert an interest in the vehicle at issue, and (2) Cura fails to adequately state a claim that she would be entitled to relief under section 853(n)(6)(B) in regard to either the vehicle or the tort-based loss theories she alleges. Accordingly, the Government submits that this ancillary proceeding going forward should be limited to the sole question of whether Cura satisfies the requirements of section 853(n)(6)(B) in regard to the real property at issue being placed her name by warranty deed on or about May 24, 2010, as alleged in her petition.

**BACKGROUND**

**A.  Procedural History**

Indictment 11 Cr. 19 (JGK) (the "Indictment," Dkt. Entry 4) charged defendant Robert McDonald (the "defendant") in three counts – securities fraud, wire fraud and mail fraud – in connection with a scheme by the defendant to solicit money from investors that the defendant

claimed would be used towards the purchase of a portfolio of hotels located in the Midwest United States. The Indictment alleged that the defendant "solicited funds under false pretenses, failed to use investor funds as promised, and misappropriated and converted investor funds to his own benefit and the benefit of others." Indictment ¶ 3. More specifically, the Indictment alleged that the defendant used investor funds for the "purchase of a Florida home, the purchase of a BMW automobile, and the payment of Court-ordered restitution for victims of prior fraud schemes for which he had been convicted." *Id.* ¶ 6. The Indictment included a forfeiture allegation alleging that certain property was subject to forfeiture as property traceable to proceeds of the offenses. This property included:

    a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5132 Puritan Road, Tampa, Florida 33617, more particularly described as: Parcel ID 038449-0200; and

    b.    One 2007 BMW X5, Vehicle Identification Number: 5UXFE43557LY83711.

(the real property, the "Puritan Road Property," the vehicle, the "BMW"). *Id.* ¶ 12.

On or about February 18, 2011, the Court entered a Post-Indictment Restraining Order (the "Restraining Order," Dkt. Entry 20) in regard to the BMW and the Puritan Road Property (together, the Subject Property) based, *inter alia*, on a declaration submitted by Postal Inspector Gregory T. Botti tracing the Subject Property to funds taken by the defendant from a victim. The Restraining Order was entered pursuant to Title 21, United States Code, Section 853(e)(1)(A), which allows the Court to enter restraining orders to preserve the availability of property subject to forfeiture. The Restraining Order prohibited the defendant, Cura, and others from transferring, encumbering, selling, or "taking any other action that would have the effect of depreciating,

2

damaging, or in any way diminishing the value of the [Subject Property]." Restraining Order at 2.

On or about June 21, 2011, a trial in this matter commenced. On or about July 6, 2011, a jury found the defendant guilty on all three counts. On or about April 13, 2012, the Court entered a Preliminary Order of Forfeiture in this action (the "Preliminary Order," Dkt. Entry 94). In the Preliminary Order, the Court found that:

> [T]he evidence presented at the criminal trial establishes, by a preponderance of the evidence, that the [Subject Property] constitutes or is derived, directly indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment.

Preliminary Order at 2-3.

On or about April 19, 2012, the Government sent notice of the Preliminary Order of Forfeiture to counsel to Cura. On or about May 16, 2012, Cura emailed the Government a copy of the Cura Petition. On or about September 11, 2012, the Court entered an order accepting the Cura Petition as filed on May 18, 2012. Dkt. Entry 114.

### B. The Cura Petition

In the Cura Petition, Cura alleges certain monetary losses and asserts a legal interest in the Subject Property.

#### 1. Monetary Loss

Cura asserts "a monetary loss of $130,485.11 representing an ownership interest in assets specifically identified in case number 11 Cr. 19 (JGK)." Cura Petition 1. She then supports her allegation of a monetary loss through reference to both the Puritan Road Property and the BMW, as well as to "Additional Losses," that include (a) alleged "credit card loss," (b) alleged

4

"litigation expenses," and (c) alleged "earned income." *Id.* at 1-3.  In regard to the Puritan Road Property, Cura alleges tax payments she made on the house and alleges managements costs she incurred in maintaining the property (Cura Petition 1-2).  In regard to the BMW, she alleges storage costs she incurred in maintaining the property.  *Id.* at 2-3.

### 2. Interest In The Subject Property

The Cura Petition also seems to assert a direct legal interest in the Subject Property, regardless of whether Cura sustained the monetary losses she alleges.

#### a. The Puritan Road Property

Cura asserts her "sole interest [in the Puritan Road Property] is established under 'Bona Fide Purchasers' under Section 853(n)(6)(B)," and then sets forth certain facts.  Cura Petition 1.  Cura alleges, *inter alia*, that the Puritan property is titled in her name by a warranty deed of May 24, 2010, that she has maintained custody and control of the Puritan Road Property, that she had received payments from Crispus Private Holdings[1] to monitor the property, and that she was "never aware of any sham transactions to further Defendant's fraudulent scheme and was not aware of any criminal activity on the part of the Defendant until the Defendant was indicted."  Cura Petition 1-2.

#### b. The BMW

In regard to the BMW, Cura again asserts that her "sole interest [in the BMW] is established under 'Bona Fide Purchasers' Under Section 853(n)(6)(B)," and then sets forth certain facts.  Cura Petition 2.  Cura alleges, *inter alia*, that she is "the sole officer of Crispus

---

[1] As adduced at trial, Crispus Private Holdings ("Crispus") was one of the corporate entities trhough which the defendant carried out his scheme.

Private Holdings," that "the vehicle was purchased by Petitioner in March of 2012 and remains titled in the name of Crispus Private Holdings," and that, as of May 2012, she remained in possession of the BMW.  *Id.* at 2.[2]

## ARGUMENT

### THE CURA PETITION SHOULD BE DISMISSED, IN PART, BECAUSE CURA LACKS STANDING AND BECAUSE THE CURA PETITION FAILS TO STATE A CLAIM

**I.     APPLICABLE LAW**

    **A.     Generally Applicable Law**

The criminal forfeiture proceedings in this case are governed by Federal Rule of Criminal Procedure 32.2 and Title 21, United States Code, Section 853.  *See* 28 U.S.C. § 2461(c).  Under Rule 32.2, once a criminal defendant is convicted of the offenses giving rise to the forfeiture allegations, either by trial or plea, the district court must enter a preliminary order of forfeiture. The preliminary order divests the criminal defendant of any right in the property, and requires the Government to serve notice of its intent to forfeit finally the property on any potentially interested third parties.  *See* 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b).  After the court enters a preliminary order of forfeiture, Section 853(n) establishes both a procedure and a legal basis for third parties asserting a legal interest in property subject to a preliminary order of forfeiture.  *See* 21 U.S.C. § 853(n).  This provision provides third parties with the ability to file a petition and have the Court conduct an "ancillary proceeding" to adjudicate the petition.  Fed. R. Crim. P. 32.2(c).  If, after an ancillary hearing, the petitioner establishes by a preponderance of the evidence that:

---

[2] The U.S. Marshals have subsequently taken possession of the BMW.

3

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

The court "shall" amend its order of forfeiture to reflect such a finding. 21 U.S.C. § 853(n)(6).

Rule 32.2 of the Federal Rules of Procedure provides that as part of this ancillary proceeding, the Court may dismiss a petition for "lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim P. 32.2(c)(1)(A). "A motion to dismiss a third-party petition asserting an interest in property subject to a criminal forfeiture proceeding is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States* v. *Madoff*, No. 09 Cr. 213, 2012 WL 1142292, at *3 (S.D.N.Y. April 3, 2012) (citation omitted); *United States* v. *Grossman*, 501 F.3d 846, 848 (7th Cir. 2007) (same).

B.   **Law Relating To Standing**

Section 853(n) of Title 21, United States Code, sets forth the procedures by which third parties may assert an interest in forfeited property after a preliminary order of forfeiture has been entered. In order to contest the forfeiture, petitioners must first establish that they have a "legal interest in" the property, as required by § 853(n)(2). This subsection states, in part:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of this alleged interest in the property.

21 U.S.C. § 853(n)(2). The Second Circuit holds that this definition of "legal interest" in section

4

853(n)(2) equates to the "legal interest" referred to in Section 853(n)(6)(A) and (B). *See United States* v. *Ribadeneira*, 105 F.3d 833, 835 (2d Cir. 1997). Put differently, if a claimant cannot assert a legal interest under Section 853(n)(6), they have no statutory standing to submit a petition under section 853(n)(2). *Id.* at 835-36.; *see also DSI Assocs. LLC* v. *United States*, 496 F.3d 175, 184 (2d Cir. 2007) (holding that a petitioner lacked a requisite "legal interest" "as required for standing under" Sections 853(n)(6)(A) and (B)).

As the Second Circuit explained in *DSI Assocs.*, because the statutory standing relates so closely to the substantive prerequisites for relief set forth in Section 853(n)(6)(A) and (B), the standing inquiry "appears to be identical to one 'on the merits' to determine whether a third party meets the statute's requirements." *DSI Assocs. LLC,* 496 F.3d at 183 n.9; *see also United States* v. *Hu*, No. 08 Cr. 425, 2011 WL 5884918, at *3 (E.D.N.Y. Nov. 23, 2011) (citing same footnote). Accordingly, the Government will discuss Cura's lack of standing in conjunction with its explanation of how the Cura Petition, with one limited exception, fails to state a claim for relief under Section 853(n)(6)(B).

      **C.**     **Legal Standard For A Motion To Dismiss**

A motion to dismiss under Rule 12(b)(6) seeks dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In two relatively recent decisions, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court revisited the pleading requirements necessary to survive a motion to dismiss. Generally speaking, a Rule 12(b)(6) motion to dismiss should be granted if the complaint does not "contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also id.* at 684

("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . .") (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678; accord Twombly, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

The Court need not, however, accept as true a legal conclusion or a legal conclusion couched as a factual allegation. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."))). Ultimately, whether a complaint states a plausible claim for relief is a context-specific determination that requires "the reviewing court to draw on its judicial experience and common sense," and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 679 (citations omitted). Pursuant to a motion to dismiss, a court can also limit the legal theories under which a given claim can proceed. *Accord PKG Group, LLC* v. *Gamma Croma, S.p.A.* 446 F. Supp. 2d 249, 252 (S.D.N.Y. 2006) (allowing certain claims to proceed but limiting theory under which those claims could be pursued).

### D. Establishing Standing And Stating A Claim For Relief Under Section 853(n)(6)(B)

The Cura Petition expressly states Cura's "sole" interest in both the Puritan Road Property and the BMW is based on Title 21, United States Code, Section 853(n)(6)(B). Cura Petition 1-2. Section 853(n)(6)(B) provides that relief from forfeiture shall be provided if:

> the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section

21 U.S.C. § 853(n)(6)(B). The burden is on the claimant to demonstrate a requisite legal interest under section 853(n)(6). *See Hu*, 2011 WL 5884918, at *3 (citing *Ribadeneira*, 105 F.3d at 835).

In order to state a claim for relief under section 853(n)(6)(B), a claimant must allege facts sufficient to prove three elements: (1) a legal interest in the property; (2) that the interest was acquired as a bona fide purchaser for value; and (3) that the interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6)(B); *United States* v. *Allmendinger*, 3:10 Cr. 248-01, 2012 WL 966615, at *2 (E.D. Va. Mar. 21, 2012) (setting forth three elements and dismissing third-party claim because the facts alleged could not support petitioner's being a bona fide purchaser for value); *United States* v. *Lazarenko*, 575 F. Supp. 2d 1139, 1151 (N.D. Cal. 2008) (setting forth the three elements). "Where a party seeking relief pursuant to § 853(n)(6) fails to allege all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing." *United States* v. *Perkins*, 382 F. Supp. 2d 146, 149–50 (D. Me. 2005).

7

II.     ARGUMENT

With the arguable exception of its reference to the warranty deed transfer of the Puritan Road Property, the Cura Petition fails even to allege facts sufficient to state a claim or establish standing under Section 853(n)(6)(B).  Accordingly, the Cura Petition should be dismissed in regard to the BMW and the monetary loss theories it alleges.  In regard to the Puritan Road Property, this ancillary proceeding should be limited going forward to whether Cura, through the alleged titling of the property under her name by warranty deed on or about May 24, 2010, meets the requirements of Section 853(n)(B)(6)(B).  To the extent that Cura premises her petition on the alleged monetary losses set forth in the Cura Petition, such losses, even if true, fail to establish a legal interest in the Subject Property.  In regard to the BMW specifically, the Cura Petition's factual allegation that the BMW is owned by a corporate entity, and not by Cura, demonstrates her lack of standing and inability to state a claim for relief in regard to that property.  Additionally, in regard to the BMW, Cura fails to allege any facts sufficient to show that she was a bone fide purchaser for value.  Accordingly, her petition should be dismissed in part as requested.[3]

---

[3] It is questionable as to whether the Cura Petition sets forth adequate facts regarding whether Cura was "reasonably without cause to believe that the property was subject to forfeiture."  The Cura Petition alleges only that Cura was "not aware" of any criminal activity.  Cura's allegation of being unaware of criminal activity does not equate to facts sufficient to establish that Cura was "reasonably without cause" to believe the property at issue may have derived from criminal proceeds.  *See, e.g., United States* v. *Brown*, 509 F. Supp. 2d 1239, 1246-47 (M.D. Fl. 2007) (holding that wife who was legally blind to husband's criminal activity cannot recover property under Section 853(n)(6)).  Nevertheless, for pleading purposes, the Government does not challenge the adequacy of Cura's assertion in regard to this element.

### A.     Monetary Loss

Cura's allegations of tort-based monetary loss are insufficient to state a claim or establish standing in regard to either the BMW or the Puritan Road Property under Section 853(n)(6)(B). Specifically, Cura's allegations regarding others costs (i.e. Crispus credit card debt, litigation costs, and "earned income" from Crispus) do not establish a cognizable interest under Section 853(n)(6)(B). Likewise, Cura's allegations of costs related to the Subject Property (i.e. property taxes for the Puritan Road Property and management costs for both the Puritan Road Property and the BMW) do not establish a requisite legal interest in either property.

In regard to Cura's allegations relating to corporate credit card debt, litigation costs, and income she alleges is due from Crispus, none of these allegations confer standing on her for the Subject Property in question nor do they state a claim for relief under Section 853(n)(6)(B). At best, such allegations amount to Cura being a general creditor or someone alleging a loss based on tortuous conduct of the defendant. Neither constitutes a basis for standing or relief in this action. *See Ribadeneira*, 105 F.3d at 836-37 (holding that general creditors with no specific interest in particular property do not have standing); *United States v. White*, 675 F.3d 1073, 1080 (8th Cir. 2012) (holding that ex-wife's claim that defendant had promised her compensation for her work for his corporation gave her only a cause of action for breach of contract, not standing in an ancillary proceeding to contest the forfeiture of that corporation's stock); *United States* v. *Speed Joyeros*, *S.A.*, 410 F. Supp. 121, 125 (E.D.N.Y. 2006) (holding that employees seeking back wages were unsecured creditors who "lack a particularized interest in specific assets," and thus do not have standing); *United States* v. *Gianelli*, 686 F. Supp. 2d 116, 117 (D. Mass. 2009) (granting motion to dismiss claim filed by petitioner asserting injury based on defendant's

9

tortuous conduct).

In regard to Cura's allegations concerning the costs she allegedly incurred in maintaining the Puritan Road Property and the BMW, such facts, even if assumed true, do not provide standing or state a claim under Section 853(n)(6)(B) for her to contest the forfeiture of that property.  As the Court of Federal Claims held in a case in which an attorney allegedly expended time and expense in repatriating assets subject to forfeiture in a criminal action:

> [T]he nature of the plaintiff's alleged claim is not for the forfeited property as a superior owner or bona fide purchaser, but for damages stemming from breach of an express or implied contract with the government.  Acknowledging the precision with which the forfeiture statute is drawn [21 U.S.C. § 853], the statute does not encompass plaintiff's allegations.

*Bailey* v. *United States*, 46 Fed. Cl. 187, 216 (Fed. Cl. 2000).  *See also United States* v. *Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006) ("[U]nder 21 U.S.C. § 853(n)(6), third party petitioners can establish their interest in forfeited property in only two ways.") (internal quotation marks and citation omitted); *DSI Assocs. LLC,* 496 F.3d at 183 and n.12 (quoting *Soreide* and stating that "[i]t is similarly well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets . . .").  Accordingly, the facts set forth in the Cura Petition regarding Cura's alleged monetary losses provide no legal basis for her to assert standing to challenge the forfeiture of the Subject Property.  Nor do such allegations state a claim for relief under Section 853(n)(6)(B).  Therefore, to the extent that the Cura Petition is premised on such monetary losses, the Cura Petition should be dismissed.

### B. Cura Fails To Establish Standing Or Allege A Valid Legal Interest In The BMW

Even, assuming as true the facts put forward in the Cura Petition, Cura lacks standing to assert an interest in the BMW and has not adequately alleged a legal interest in the BMW sufficient to entitle her to relief under Section 853(n)(6). By Cura's own allegation, the BMW is titled to Crispus Private Holdings, not Cura. Cura Petition ¶ 9. Cura also alleges that she is the "sole officer" of Crispus. *Id.* at ¶ 8. Regardless of whether Cura was the sole officer, or even the sole shareholder (or member) of Crispus, her petition still fails as a matter of law.

Cura's position as an officer or shareholder of Crispus would not entitle her to assert a legal interest in an asset of that corporate entity. In forfeiture actions, courts look to "law of the jurisdiction that created the property right to determine the petitioner's legal interest." *Speed Joyeros, S.A.*, 410 F. Supp. 2d at 125. Generally, under state law corporations are legally distinct entities from their shareholders or officers. Such shareholders or officers do not have a valid legal interest in the assets of a given corporation. Accordingly, the facts in the Cura Petition are insufficient to establish Cura's interest in the BMW under Florida law. *See United States v. DeGregory*, No. 05-60201-CR, 2007 WL 949804, at *1 (S.D. Fla. Mar. 19, 2007) (dismissing shareholder's claim contesting forfeiture of property held by corporation for lack of standing on grounds that corporation was separate legal entity under Florida law from its shareholders or officers); *United States* v. *All Funds in the Account of Property Futures, Inc.*, 820 F. Supp. 2d 1305, 1328-29 (S.D. Fla. 2011) (reaching same conclusion, under Florida law, in regard to members of an LLC).[4] Cura, who does not hold title to the BMW, has no legally valid interest in

---

[4] The facts are also insufficient under Delaware law, where Crispus is incorporated. "[T]he interest of a member in [a Delaware] LLC is analogous to shareholders of a corporation.

the vehicle. *See also Lamar* v. *Wheels Unlimited, Inc.*, 513 So.2d 135 (Fla. 1987) (holding under Florida law that entity, which did not hold certificate of title to motor vehicle, did not have standing to contest forfeiture of vehicle); *Cochran* v. *Jones,* 707 So.2d 791, 794-95 (Fla. 4th DCA 1998) (citing *Lamar*).  Accordingly, Cura has failed to establish standing or state a claim under Section 853(n)(6)(B) in regard to the BMW.

> C. Cura Fails To Establish Standing Or Allege A Valid Legal Interest In The BMW Because She Has Not Alleged Facts Sufficient To Establish That She Was A Bona Fide Purchase For Value

In addition to failing to allege a valid legal interest in regard to the BMW, Cura has failed to allege that she acquired any interest in the BMW as a bona fide purchaser for value.  Because it is an essential element to state a claim for relief under the Section 853(n)(6)(B), Cura's failure to even allege that she was a bona fide purchaser for value renders her petition legally insufficient.

In regard to the BMW, she alleges only that she executed the purchase of the vehicle in March 2010, that the BMW is titled to Crispus, that she is the sole officer of Crispus, and that she (at the time she wrote the petition) was in possession of the BMW and had maintained it. Cura Petition ¶¶ 8-12.  None of these facts relate to her acquiring any interest in the BMW as a bona fide purchaser for value.  Accordingly, the Cura Petition should be dismissed in regard to the BMW.

---

A member ... has no interest in specific assets owned by the LLC." *Poore* v. *Fox Hollow Enters.*, No. C.A. 93A–09–005, 1994 WL 150872, at *2 (Del. Super. Ct. Mar. 29, 1994) (Steele, J.); *see also Credit Suisse Sec. (USA) LLC* v. *West Coast Opportunity Fund, LLC, C.A.*, No. 4380, 2009 WL 2356881, at *2 n. 21 (Del. Ch. July 30, 2009) ("A member [of an LLC] has no interest in specific limited liability company property.").

     **D.**     **The Ancillary Proceeding Should Be Limited To Cura's Interest In The Puritan Road Property By Virtue Of The Alleged Titling of the Property In Her Name Through The May 24, 2010 Warranty Deed**

Based on the arguments set forth herein, the Government respectfully submits that the only issue that should remain in this ancillary proceeding is whether Cura was a "bona fide purchaser for value of the right, title, on interest" in the Puritan Road Property by virtue of the May 24, 2010, warranty deed (the "Warranty Deed") referenced in the Cura Petition and whether "at the time of purchase, Cura was reasonably without cause to believe that the property was subject to forfeiture . . ." 21 U.S.C. § 853(n)(6)(B). The Cura Petition itself only states that the Puritan Road Property was "titled" in the name of Cura and references the Warranty Deed. Cura Petition ¶ 1.

There are no facts alleged in the Cura Petition setting forth how Cura is a bone fide purchaser for value. The Warranty Deed itself (attached as Exhibit B to the Cowley Declaration), if considered incorporated by reference,[5] barely sets forth such facts, assuming every inference in favor of Cura. The Warranty Deed, signed by Cura, as "President" of Crispus, deeds the Puritan Road Property to Cura, in her individual capacity, for "the sum of TEN AND NO/100 DOLLARS ($10.00), and other good and valuable consideration." Warranty Deed 1. It is very difficult to see how this conveyance will comport with the requirements of Section 853(n)(6)(B), and the Government anticipates moving for summary judgment on this aspect of the Cura Petition.

---

[5] "In the event that a plaintiff alleges a claim based on a written instrument, as is the case here, the court may consider such an instrument in ruling on a Rule 12(b)(6) motion even if it was not attached to the complaint and made a part thereof[.]" *Bill Diodato Photography LLC* v. *Avon Products, Inc.*, No. 12 Civ. 847, 2012 WL 4335164, at *3 (S.D.N.Y. September 21, 2012) (quoting *Rapoport* v. *Asia Elec. Holding Co., Inc.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

**Conclusion**

For the reasons stated above, the Cura Petition should be dismissed in part as set forth above.

Dated: New York, New York
October 1, 2012

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

                      By:    /s/
                                            Jason Cowley
                                            Arlo Devlin-Brown
                                            Assistant United States Attorneys
                                            (212) 637- 2479/2506

cc: Danicet Cura (by email)